UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| V. | § § § § | CAUSE NO. 1:21-CR-00048(22)-LY |
| (22) JOSHUA BAILEY | § | |

RESPONSE IN OPPOSITION TO
GOVERNMENT'S MOTION FOR DETENTION

**TO THE HONORABLE JUDGE HIGHTOWER, UNITED STATES MAGISTRATE FOR THE WESTERN DISTRICT OF TEXAS:**

In April 2020 Mr. Bailey was released on personal bond in the state criminal justice system for conduct that is now being prosecuted federally. In a year when so many people were suffering from depression and could slip through the cracks of the criminal justice system, Josh Bailey thrived. Josh has been compliant on personal bond and remains complaint; District Judge Karen Sage even removed his GPS monitor last month and eliminated his pretrial supervision requirements. He loves his job at Opa's restaurant – and they love him. Although his parents reside in South Carolina, he is close with them and has family support. Given the evidence of his compliance and full-time employment for the past year, Mr. Bailey should be released on a personal recognizance bond with conditions as recommended by Daniel Palomares, U.S. Pretrial Services Officer.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DETAIN – Page 1**
*United States of America v. Joshua Bailey (22)*
CRIMINAL NO. 1:21-CR-00048(22)-LY

# I.
# EVIDENTIARY STANDARD FOR THE HEARING:
# PRESUMPTION OF RELEASE

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987).  "A [detention] hearing can be held only if one of the six circumstances listed in (f)(1) and (2) is present ...." *United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992).  The government's motion for detention does not alter the presumption that Mr. Bailey should be released pursuant to 18 U.S.C. § 3142(b) and 18 U.S.C. § 3142(c).  The government must meet a high burden of clear and convincing evidence that absolutely no condition or combination of conditions will reasonably assure the safety of any other person and the community in order to result in pretrial detention. Because there is direct evidence that refutes this, Mr. Bailey must be released.

# II.
# NOT A FLIGHT RISK

The Government is prosecuting Mr. Bailey for conduct that was also prosecuted in state court in 2020. The determining factor for detention is not whether Mr. Bailey has committed an act subject to federal or state prosecution; it is whether he fled after arrest and pending trial. While pending trial for serious felonies in the State system, Mr. Bailey hired a lawyer, bonded out of jail, and remained in the jurisdiction.

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DETAIN – Page 2**
*United States of America v. Joshua Bailey (22)*
CRIMINAL NO. 1:21-CR-00048(22)-LY

At the hearing counsel will proffer the testimony of Travis County Pretrial Supervision Officer Gracie Madrid. Ms. Madrid would testify that after posting bond in the state cases, Josh completed a two-month impatient substance abuse treatment program at the VA hospital. Upon his completion of the program, he was subject to 24 hour a day supervision on a GPS monitor. Ms. Madrid reported no issues with his curfew or GPS compliance for the past year. He did not violate the terms or conditions of pretrial release. He did not fail to report. He did not miss any court appearances.

Mr. Bailey's compliance on bond resulted in the removal of the monitoring device. In recommending conditions of release, U.S. Pretrial Services is not recommending an ankle monitor. Arguably this condition was not necessary to reasonably assure the appearance of Mr. Bailey. However, the fact that this condition exists and could be imposed proves that release is warranted under 18 U.S.C. § 3142.

## III.
## NOT A DANGER

Counsel would proffer the testimony of Gary Bailey, Josh's father, to explain Josh's path to Texas.

Josh grew up in Roanoke, Virginia. Josh did exceptionally well in high school; he was ranked 7th or 8th out of his entire high school class. He earned acceptance to UVA and very much wished to attend. Unfortunately for financial reasons and disagreement between his recently divorced parents Josh was unable to attend college in the Fall

following his Senior year. In the midst of a whirlwind week Josh instead found himself in the office of an Army recruiter and on a bus headed to Ft. Hood, Texas for basic training.

Josh's father would testify that Josh did not have a substance abuse problem when he left Virginia. Josh's substance abuse began at Ft. Hood. Gary and his wife, Polly – a social worker with two masters degrees – would testify that it has been a long battle with addiction ever since. Counsel would also proffer that after completing inpatient treatment Josh has demonstrated that he has worked hard to change the trajectory of his life.

Josh was arrested on the federal summons while he was at work. One of Josh's main priorities was informing his manager and boss that this was *not* for a new charge or for violating his bond. There are about 7 employees at Opa's, and Josh is an integral part of the team. In fact, when counsel called the restaurant and spoke to the hostess that answered the phone she expressed how much everybody missed him and was hoping for his release and return. Counsel would proffer the testimony of his manager at Opa's restaurant, Pablo Frias, regarding Josh's work history, employment, and potential to maintain his employment upon his release.

For the past year, Mr. Bailey has done everything we want a person to do after an arrest: be responsive, be responsible, and be resilient. Joshua Bailey should be released on a personal recognizance bond with conditions.

**WHEREFORE, PREMISES CONSIDERED**, Defendant prays for the Court to deny the Government's motion.

Respectfully submitted,

**SUMPTER & GONZÁLEZ, L.L.P.**
3011 N. Lamar Blvd., Ste 200
Austin, Texas 78705
Telephone: (512) 381-9955
Facsimile: (512) 485-3121

By: /s/*David Gonzalez*
DAVID GONZALEZ
State Bar No. 24012711
DAVID@SG-LLP.COM

## CERTIFICATE OF SERVICE

By my signature below, I do hereby certify that on April 19, 2021 a true and correct copy of this Defendant's Response to Government's Motion for Detention was filed using the Court's electronic filing system, which will provide notice to all parties of record, specifically:

Dan Guess
Assistant United States Attorney
903 San Jacinto Blvd., Suite 334
Austin, Texas 78701
dan.guess@usdoj.gov

/s/*David Gonzalez*
DAVID GONZALEZ

**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO DETAIN – Page 5**
*United States of America v. Joshua Bailey (22)*
CRIMINAL NO. 1:21-CR-00048(22)-LY