IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| v. | § | 1:21-CR-48 (22) |
| | § | |
| JOSHUA BAILEY, | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:    THE UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), Title 18 United States Code § 3401(i) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is the petition of the United States Probation Office recommending the Court revoke the defendant's term of supervised release. The District Court referred the matter to the undersigned United States Magistrate Judge for report and recommendation.

**PROCEDURAL BACKGROUND**

The defendant was found guilty of Possession with Intent to Distribute Methamphetamine, in violation of Title 21, United States Code §§ 841(a)(1) and 841(b)(1)(C). On October 24, 2022, the defendant was sentenced by United States District Judge Lee Yeakel of the Western District of Texas to a total 37 months imprisonment, to be followed by 3 years of supervised release. The defendant's supervision began on May 6, 2024. On May 24, 2024, the defendant's supervision was judicially reassigned to United States District Judge Robert Pitman.

On November 19, 2025, the United States Probation Office filed a Petition for Warrant or Summons for Offender Under Supervision. The United States Probation Office alleged the defendant violated conditions of release and sought a show-cause hearing as to why the defendant's supervised release should not be revoked. Thereafter, the undersigned authorized the issuance of a warrant. On December 12. 2025, the defendant was arrested and the defendant has remained in the custody of the United States Marshals Service since the date of defendant's arrest.

The Petition alleged the defendant violated the following conditions of release:

**Violation of Mandatory Condition No. 2:** The defendant shall not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3:** The defendant shall refrain from any use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

The undersigned conducted a hearing on this matter on December 18, 2025. Prior to the hearing, the defendant waived the defendant's right to a preliminary hearing. During the hearing the defendant waived the defendant's right to be present before the United States District Judge at the time of imposition of sentence, and consented to allocution before the United States Magistrate Judge.

## **FINDINGS OF THE COURT**

1. The defendant understood the petition and the charges alleged against the defendant and had the opportunity to discuss the petition and charges with the defendant's attorney.

2. The defendant freely, intelligently, and voluntarily pled true to the charge, or charges, in the Petition.

3. The defendant had both a factual and rational understanding of the proceedings against the defendant.

4. The defendant did not suffer from any physical or mental impairment that would affect the defendant's ability to fully understand the charges against the defendant or the consequences of the defendant's plea.

5. The defendant was sane and mentally competent at the time of these proceedings.

6. The defendant was sane and mentally competent to assist the defendant's attorney in the preparation and conduct of the defendant's defense.

7. The defendant waived the defendant's right to a preliminary hearing.

8. The defendant understood all of the defendant's statutory and constitutional rights and desired to waive those rights.

9. The defendant understood that the defendant had the right to present evidence and to cross-examine witnesses at the hearing.

10. The Court finds the defendant violated a condition, or conditions, of the defendant's term of supervised release and that there is a factual basis in support of that finding.

## FACTORS CONSIDERED

The Court has considered the factors set out in Title 18, United States Code § 3583(e) which makes reference to most of the factors set out in Title 18, United States Code § 3553(a), specifically:

    a. the nature and circumstances of the offense, § 3553 (a)(1);
    b. the history and characteristics of the defendant, (a)(1);
    c. to afford adequate deterrence to criminal conduct, (a)(2)(B);
    d. to protect the public, (a)(2)(C);
    e. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, (a)(2)(D);

- f.   the kinds of sentence and the sentencing range recommended by the U.S. Sentencing Guidelines, policy statements and corresponding analysis, (a)(4) and (a)(5);
- g.   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found responsible for similar conduct, (a)(6);
- h.   the need to provide restitution to any victims of the offense, (a)(7).

Note: the factors in § 3553(a)(2)(A), namely the seriousness of offense, respect for the law and just punishment were not considered by the Court.

## **RECOMMENDATIONS**

The Magistrate Court has carefully considered the arguments of counsel, the evidence presented by the parties and has taken judicial notice of the original pre-sentence report, and the Petition, the Adjustment Summary and the Violation Conduct Computation prepared by the United States Probation Office.

In light of the factors set forth above, the Magistrate Court recommends that the defendant's term of supervised release be **CONTINUED subject to all previously imposed standard, mandatory and special conditions. In addition, the Defendant is currently in custody based on the charges set forth in the Petition. In order to legitimize all future drug testing results, the Defendant is to remain in the custody of the United States Marshal's Service until the morning of Monday, January 5, 2026. On the morning of January 5, 2026, the USMS is ordered to transport the Defendant to the U.S. Courthouse at which time the Defendant will be released from custody. However, before leaving the courthouse that morning, the Defendant is ORDERED to meet with his probation officer for any additional instructions.**

## **WARNINGS**

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; *Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on December 18, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE